UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MONDELĒZ INTERNATIONAL, INC., a Virginia corporation and INTERCONTINENTAL GREAT BRANDS LLC, a Delaware corporation, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 1:25-cv-05905 Hon. Jeremy C. Daniel |
| v. | ) ) ) | Magistrate Judge Albert Berry III |
| ALDI, INC., an Illinois corporation, | ) ) | |
| Defendant. | ) ) | |

## INITIAL JOINT STATUS REPORT

Plaintiffs Mondelēz International Inc. and Intercontinental Great Brands LLC (collectively, "Mondelēz") and Defendant Aldi Inc. (incorrectly named as Aldi, Inc.) ("Aldi") (collectively, the "Parties"), through their undersigned counsel, hereby submit this Initial Joint Status Report pursuant to the Court's Order entered on November 18, 2025. Dkt. 16. This case is set for an initial video status hearing before this Court on December 17, 2025 at 11:00 a.m. In support of this Initial Joint Status Report, the Parties state as follows:

1. **Description of Claims and Relief Sought.**

    a. <u>Nature of Claims.</u> Mondelēz brings claims against Aldi for trade dress infringement, unfair competition, unjust enrichment and dilution under federal and state law. Mondelēz alleges that Aldi's use of private label product packaging blatantly copies and trades upon the valuable reputation and goodwill Mondelēz has developed in its longstanding, highly distinctive, and well-known trade dress of numerous of its cookie and cracker snack products. Mondelēz also alleges that Aldi has a pattern and practice of engaging in the unlawful behavior underlying Mondelēz's claims and that Aldi's actions are likely to deceive and confuse consumers and dilute the distinctive quality of Mondelēz's unique product packaging, and if not stopped,

threaten to irreparably harm Mondelēz and its valuable brands. Mondelēz seeks injunctive and monetary relief for Aldi's alleged unlawful conduct. Mondelēz alleges that this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338, and 28 U.S.C. § 1367. Mondelēz's claims are predicated upon 15 U.S.C. § 1125, and substantial and related claims under the laws of the State of Illinois and State of Ohio.

      b. <u>Nature of Defenses.</u> Aldi maintains that there is no trade dress infringement, unfair competition, unjust enrichment, or trade dress dilution caused by Aldi's use of its packaging designs for its products. There are seven alleged trade dresses at issue, each of which presents its own defenses. The alleged trade dresses are comprised of non-distinctive and functional elements such that the validity and strength of each are in question. Material aspects of the colors (red, blue, white, yellow) design elements (*e.g.* depictions of milk with cookies, soup or cheese with crackers, images of ingredients like peanuts, chocolate chips) are functional in that they are essential to the use or purpose of the product or affect its cost or quality. Other aspects of the design (*e.g.* centering an image of the product on the package or using a "halo" effect around the product) are aesthetically functional. Mondelēz has also used multiple versions of each of the alleged trade dress(es), over time and so that the alleged trade dress is not distinctive, or has been "fractured" or destroyed its alleged trade dress rights because such use is not uniform. And, Mondelēz admits in its complaint that it has abandoned the alleged Nilla Wafers trade dress.

      Assuming, arguendo, Mondelēz can demonstrate that one or more of its alleged trade dresses are protectible, the alleged trade dress rights are sufficiently weak and Aldi's product designs sufficiently different that there is no likelihood of confusion. Among other things, Aldi's products are sold only at ALDI ® stores such that consumers understand they are getting high quality private label products at low prices. Each of Aldi's packaging designs contains a prominent

Aldi house brand - BENTON'S ® and SAVORITZ ™ and is significantly different in appearance such that there is no likelihood of confusion with the alleged trade dress. Aldi has sold Mondelēz products next to BENTON'S® and SAVORITZ™ for more than 15 years without consumer confusion.

Mondelēz' relief is also barred in whole or in part by laches, estoppel, acquiescence and other material affirmative defenses. Aldi has been selling the products and designs at issue for many years without Mondelēz' objection. To the extent Mondelēz, several years ago, objected to certain aspects of the packaging, Mondelēz did not follow up for years, and Mondelēz's last objection was received in 2022 that Aldi reasonably relied on Mondelēz acquiescence. Further, there are multiple competitors in the industry who are selling competitive products using similar packaging designs - for many years, and Mondelēz has not objected to any of them.

**2. Referral Cases.**

This matter was referred to the Magistrate Judge for supervision of discovery and settlement.

**3. Discovery Schedule.**

The parties propose the following discovery plan:

a. The Parties shall serve their initial disclosures on January 7, 2026, in accordance with Fed. R. Civ. P. 26(a)(1)(C) and Fed. R. Civ. P. 26(a)(1)(A).

b. The Parties shall issue written discovery requests on or before January 31, 2026.

c. Mondelēz proposes that the Parties shall complete all fact discovery on or before May 29, 2026. Aldi proposes that the Parties shall complete all factual discovery by December 1, 2026. Aldi's proposed date is based upon the fact that the case will require significant third-party discovery, potentially with motion practice in other

jurisdictions, which will likely require additional time. The proposed dates do not include treating physician depositions, which no party foresees in this case.

4. **Consideration of Issues Concerning Electronically Stored Information ("ESI").**

The parties anticipate engaging in ESI discovery, and have agreed to exchange a proposed list of metadata to be included with such discovery. There are no areas of disagreement at this time.

5. **Settlement.**

   a. The parties have engaged in settlement discussions. The Parties have had settlement discussions and those discussions are on-going. The Parties have not reached an agreement.

   b. Mondelēz does not believe that a settlement conference would be productive at this time because settlement would likely require new packaging which requires sample designs which take time to create and are impossible to create while the parties are sitting in the same room. Aldi believes that the parties have made substantial progress towards settlement and that a settlement conference, mediation under the District's Voluntary Mediation Program for Lanham Act Cases or private mediation would be productive.

6. **Magistrate Judge Consent.**

The parties do not jointly consent to have the Magistrate Judge conduct all further proceedings in this case.

7. **Pending Motions.**

There are no pending motions at this time.

8. **Trial.**

This is not a consent matter, but Mondelēz has requested a jury trial, and the parties estimate that trial to last approximately 7 days.

9. **Other Matters.**

The parties anticipate submitting a proposed Agreed Protective Order governing the exchange of confidential information in discovery.

Dated: December 12, 2025          Respectfully submitted,

By: /s/ *James T. Hultquist*
James T. Hultquist (SBN 6204320)
Email: jhultquist@reedsmith.com
**REED SMITH LLP**
10 South Wacker Drive
Chicago, IL  60606-7507
Telephone: +1 312 207 1000
Facsimile: +1 312 207 6400

Robert N. Phillips (*Pro Hac Vice Pending*)
Email: robphillips@reedsmith.com
Seth B. Herring (*Pro Hac Vice Pending*)
Email: sherring@reedsmith.com
Fatima Mobin (*Pro Hac Vice Pending*)
Email: fmobin@reedsmith.com
**REED SMITH LLP**
101 Second Street
Suite 1800
San Francisco, CA  94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on December 12, 2025, I electronically caused for filing the foregoing document with the Clerk of the Court using the *CM/ECF* which will send notification of such filing to all counsel of record.

/s/*James T. Hultquist*
James T. Hultquist

*Counsel for Plaintiffs*